IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01552-CYC

ALBERT J. ORTIZ,

Plaintiff,

v.

DR. MC, Dentist

Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Motion for Appointment of Counsel, ECF No. 23 (the "Motion"). Oral argument will not materially assist in the resolution of this matter and the defendant has not entered an appearance in the case yet so as to file a response. To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the Motion is **DENIED without prejudice**.

**BACKGROUND**

The plaintiff initiated this action by filing a pro se complaint on April 10, 2026. ECF No. 1. He subsequently was ordered to amend his complaint to cure its deficiencies, ECF No. 5, and did so. The amended complaint, ECF No. 10, is the operative pleading.

The plaintiff, an inmate at Denver City Jail, alleges that, on January 27, 2026, a dentist working in the jail for Denver Health extracted the wrong tooth from the plaintiff's mouth and he did not receive pain medication afterwards, violating his civil rights. *Id.* at 4.

Denver County Sheriff Elias Diggins and Manager of Safety Al Garnder have been dismissed from the suit, ECF Nos. 13, 14, leaving an unidentified dentist, denominated "Dr. MC Dentist, DSHS" in the amended complaint, as the sole defendant. The plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, meaning that the U.S. Marshals Service will perfect service on his behalf, but he has not yet provided sufficient information for the defendant to be identified and served.

**ANALYSIS**

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d

978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. This case is still in its very early stages — the plaintiff amended his complaint and service on the sole remaining defendant has not been perfected. ECF No. 24. *See Diaz v. USI Ins. Servs.*, No. 18-cv-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019). And to date, the plaintiff "has been a competent participant in this litigation," including successfully amending his complaint, and petitioning the Court for relief. To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Indeed, there is no right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint—a single claim of deliberate indifference against one defendant in a prison facility—is not amongst the most novel or complex that find their way into federal court.

The plaintiff has plainly been diligent in attempting to secure counsel on his own, *see* ECF No. 23 at 3–4, but that is not enough at this stage to warrant an order appointing counsel. Moreover, where there is no evidence that the plaintiff has undertaken any efforts to identify the defendant, nor asked to conduct any early third-party discovery to do so, it is too soon to appoint pro bono counsel to help with this task. *See Peterson v. Doe*, No. 22-cv-01922-MEH, 2022 WL

22905074, at *2 (D. Colo. Oct. 19, 2022); *see also Scarver v. Williams*, No. 21-cv-02149-DDD-KLM, 2023 WL 10555176, at *1 (D. Colo. Apr. 7, 2023) (denying motion to appoint counsel to, among other activities, “identify the Doe Defendants”); *Hatley v. Doe*, No. 26-3261-JWL, 2026 WL 2634865, at *7–7 (D. Kan. Sept. 8, 2026).

In sum, this case is at an early stage, it is not overly complex from a reading of the amended complaint, and it is yet unclear how meritorious the plaintiff’s claims are. Should the plaintiff’s circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) “given that this matter is now moving to trial”).

## CONCLUSION

For the foregoing reasons, the plaintiff’s Prisoner Motion for Appointment of Counsel, ECF No. 23, is **DENIED without prejudice**.

Entered and dated this 30th day of October, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge